ONTARIO COUNTY—HON. ORSON BENJAMIN, SURROGATE—1859.

## HUNN v. CASE.

### In the Matter of proving the Last Will and Testament of JAMES G. HUNN, deceased.

The statute does not confine the publication of a will to any prescribed words or forms of speech. The expression, if it convey the proper meaning, may be made orally, or in writing, or by signs, where there is occasion to use them, provided that the general sense and design of the enactment be complied with.

Thus, the reading of the will, which declares the instrument to be the testa-' tor's last will and testament, in the presence and hearing of the testator, at the time of its execution, and his recognition of it by requesting the witnesses to subscribe,—*Held*, sufficient to establish a publication under 2 *Rev. Stat.*, 63, § 40, subd. 3.

Proof uncontradicted, by one of the two subscribing witnesses, that the testator subscribed his name in the presence of both, the other witness being unable to recollect the fact,—*Held*, sufficient to establish the subscription of the testator. ·

This was a proceeding to prove a will propounded by the executor. It was contested by three of the heirs-at-law and next of kin, being daughters and joined with their husbands, on the ground, among others, that the will was not properly executed. The subscribing witness, Aranah Jones, testified that he saw the testator subscribe his name against a seal at the end of the will: that the will was executed on the day of its date, and that the testator's wife and several members of his family were present, and thinks that Wells Gooding, the other subscribing witness, was present, but does not recollect distinctly as to that: that both the witnesses signed the attestation clause at that time, in the presence of the testator, and by his request. The witness could not distinctly recollect that the testator declared· the instrument to be his last will, though he was strongly impressed that he did so.

The attestation clause is in these words : " The above instrument, consisting of one sheet, was now here subscribed by James G. Hunn, the testator, in the presence of each of us, and was, at the same time, declared by him to be his last will and testament; and we, at his request, sign our names hereto, as attesting witnesses." The instrument commences with these words : " I, James G. Hunn, of the town of Canandaigua, in the county of Ontario, and State of New York, do make and publish this my last will and testament."

F. O. MASON *and* C. J. FOLGER, *for the Executor,*

Cited *Stewart* v. *Lispenard* (26 *Wend.,* 255, 297); *Remsen* v. *Brinckerhoff* (*Id.,* 325) ; 2 *Rev. Stat.,* 63, § 40 ; *Nelson* v. *McGiffert* (3 *Barb. Ch.,* 158, 162); *Jauncey* v. *Thorne* (2 *Id.*; 40, 52, et seq.); *Torrey* v. *Bowen* (15 *Barb.*; 304); *Seguine* v. *Seguine* (2 *Id.,* 385); *Moore* v. *Moore* (2 *Bradf.,* 261).

E. G. LAPHAM, *for the Contestants,*

Cited *Lewis* v. *Lewis* (13 *Barb.,* 17; 11 *N. Y.* [1 *Kern.*], 220); *Seymour* v. *Van Wyck* (6 *N. Y.* [2 *Seld.*], 120).

THE SURROGATE.—It is not the policy of the statute, in prescribing rules for the making and publication of wills, to discourage testamentary dispositions of property. Its only object is to guard against fraudulent practices and impositions. Nevertheless, in applying and weighing the evidence, it is the duty of courts to require that the rules established by the Legislature be substantially complied with. From the nature of the subject, it is not to be expected that precisely parallel cases will often occur, so as to establish uniform precedents in all respects. Nor does the statute confine the publication to any prescribed words or forms of speech. Unlimited latitude of expression may be used, if it convey the proper meaning. And that expression may be made orally, or in writing, or by signs, where there is occasion to use them, provided that the general sense and design of the enactment be complied with. Neither is it necessary that

all the facts to be made out should be established by the evidence of both the subscribing witnesses, notwithstanding that the statute requires two to insure the validity of the instrument, as a will of real estate. The testimony of one, uncontradicted, in the absence of all suspicious circumstances, is sufficient of the fact to be proved.

In the present case, the first and fourth requirements of the statute in the execution of a will, are distinctly and unequivocally established. The second requirement is not so positively proved. The first subscribing witness called, establishes the fact that the testator signed the will in his presence, but is not certain that the other subscribing witness was present, though he thinks he was. The fact that Gooding, the other subscribing witness, was present when the testator signed, is further strengthened by the circumstance that the will was read in his presence (instruments being usually read preparatory to signing); and by the declaration of the attestation clause, which the witnesses both signed by the testator's request.

The third requirement of the statute is still less distinctly proved by the witnesses. Neither distinctly recollects hearing the testator declare the instrument to be his will, although one of them, Jones, had an impression that he did so. Both of the witnesses, however, testify that the instrument was read in their hearing, and in the presence of the testator, containing the declaration that it was his will. And his recognition of it was manifested by his requesting the persons to subscribe as witnesses. The business habits of the witness, who drew the will, his general intelligence upon a subject in which he was frequently called upon to act, lend weight to the belief that the will was properly executed, while there is no circumstance or expression used by any one of the eighteen or twenty witnesses sworn, to discredit it, or excite the least suspicion that any informality was omitted or any unfairness meditated.

But it was testified to by several of the witnesses sworn, that the testator had recurred to the making of his will after-

wards. It was not the case of a sick or superannuated old man, liable to be controlled or imposed upon by others, but a man whose faculties were unimpaired further than was natural at his age, which at that time was less than seventy years. Under these facts, proofs, and circumstances, the will is held to be properly executed, and is ordered to be recorded.